UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
YELLOWCAKE, INC.,

                    Plaintiff,

v.

REVILLA RECORDS LLC, DISCOS EL PAPI,
CUMBIANDO EL MUNDO and ROBERTO
REVILLA SANTIAGO,

                    Defendants.
---------------------------------------------------------x

Civil Action No.

**PLAINTIFF'S COMPLAINT FOR: (I) COPYRIGHT INFRINGEMENT; (II) DECLARATORY JUDGMENT; AND (III) BREACH OF CONTRACT AND JURY DEMAND**

Plaintiff, Yellowcake Inc. ("Yellowcake" or "Plaintiff") alleges the following against defendants REVILLA RECORDS LLC, ("Revilla Records"), DISCOS EL PAPI ("DEP"), CUMBIANDO EL MUNDO ("CEM"), ROBERTO REVILLA SANTIAGO, ("RRS") (Revilla Records, DEP, CEM and RRS are collectively referred to as the "Defendants").

## NATURE OF THE ACTION

1. By this complaint, Yellowcake, a corporation that owns, holds and exploits intellectual property, seeks redress for Defendants' direct, willful and intentional infringement of 25 (twenty-five) of Yellowcake's copyrighted sound recordings of regional Mexican music songs ("Yellowcake's Copyrighted Works").

2. Defendants exploited Yellowcake's Copyrighted Works by, *inter alia*, delivering them to ONErpm Studios, LLC ("ONErpm"), a digital music marketing and distribution company, for the unauthorized sale, distribution, reproduction, synchronization, creation of derivative works, and public performance thereof via digital transmission on online platforms, including without limitation iTunes, Apple Music, Spotify, Amazon Music and www.YouTube.com ("Digital Distribution Platforms").

3. As a result, Defendants benefitted from and continues to benefit from said unauthorized exploitations of Yellowcake's Copyrighted Works.

4. Yellowcake put Defendants on notice of their infringement and exploitation of Yellowcake's Copyrighted Works.

5. Despite being on notice of its infringement, Defendants refused to remedy their wrongdoing, leaving Yellowcake no alternative but to bring this action.

## JURISDICTION AND VENUE

6. This is a civil action in which Plaintiff seek monetary damages and injunctive relief against Defendants for copyright infringement under the copyright laws of the United States: 17 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction under 17 U.S.C. § 101 *et seq*.; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (copyright).

8. This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and (d) and 28 U.S.C. § 1400(a), in that the Defendants or their agents are conducting business in this District, and a substantial part of the acts of infringement complained of herein occurred in this District.

9. Specifically, according to the public website maintained by the New York State Department of State, Division of Corporations, ONErpm is a limited liability company organized under the laws of the State of New York and formed on or about May 1, 2015.

10. Upon information and belief, ONErpm maintains a business address at 180 Varick Street, New York, New York 10014.

11. Upon information and belief, ONErpm's principal place of business is located in New York County, New York.

12. Upon information and belief, ONErpm's principal place of operations is located in New York County, New York.

13. Upon information and belief, ONErpm conducts its musical distribution activities in New York County, New York.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants have entered into a digital music distribution contract with ONErpm.

15. Plaintiff is informed and believes, and thereon alleges that Defendants delivered Yellowcake's Copyrighted Works to ONErpm.

16. Plaintiff is informed and believes, and thereon alleges that that ONErpm then digitally distributed Yellowcake's Copyrighted Works to the Digital Distribution Platforms from ONErpm's place of business in New York County, New York.

## PARTIES

17. Plaintiff Yellowcake is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California, County of Stanislaus.

18. Yellowcake is primarily engaged in the business of owning, managing and exploiting intellectual property rights, including thousands of sound records and musical compositions.

19. Plaintiff is informed and believes, and thereon alleges, that RRS is a natural person and resident and domiciliary of the State of Ohio.

20. Plaintiff is informed and believes, and thereon alleges, that Revilla Records is a corporation for profit duly organized and existing under the laws of the State of Ohio with its principal place of business in the State of Ohio, County of Cherry Creek.

21. Plaintiff is informed and believes, and thereon alleges, that Revilla Records is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as the Digital Distribution Platforms.

22. Plaintiff is informed and believes, and thereon alleges, that DEP is a corporation organized and existing under the laws of the State of Ohio.

23. Plaintiff is informed and believes, and thereon alleges, that DEP is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as the Digital Distribution Platforms.

24. Plaintiff is informed and believes, and thereon alleges, that CEM is a corporation organized and existing under the laws of the State of Ohio.

25. Plaintiff are informed and believes, and thereon alleges, that CEM is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as the Digital Distribution Platforms.

26. Plaintiff is informed and believes, and thereon alleges, that each Revilla Records, DEP and CEM is a member, partner, shareholder, parent company, sister company, subsidiary of an affiliate of the other and that RRS does business as Revilla Records, DEP and CEM.

27. Plaintiff is informed and believes, and thereon alleges that, at all times relevant hereto, that RRS is the owner, sole shareholder, member, officer, director, agent, affiliate, manager, principal, alter-ego, and/or employee of Revilla Records, DEP and CEM and was at all times acting within the scope of such ownership, agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Yellowcake's rights alleged herein and the damages to Yellowcake proximately caused thereby.

**FACTUAL ALLEGATIONS**

28. Yellowcake is primarily engaged in the business of exploiting intellectual property rights, including, but not limited to, digital music distribution.

29. On about March 1, 2018, Yellowcake, RRS and DEP entered into a certain Asset Purchase Agreement (the "APA") whereby Yellowcake purchased a catalog of sound recordings owned by DEP & RRS. (the "DEP Catalog").

30. All of the sound recordings in the DEP catalog were duly registered in the United States Copyright Office.

31. Pursuant to the terms of the APA, Yellowcake acquired all rights title and interest in the DEP Catalog free from all liens and encumbrances and became the sole and exclusive owner of the DEP Catalog including all of the rights of a copyright owner under 17 USC § 106.

32. Notwithstanding Yellowcake's complete ownership of the DEP Catalog as of March 1, 2018, Yellowcake discovered in or about July 2023, that the Defendants were selling, distributing and making derivative works of, and otherwise exploiting certain sound recordings in the DEP Catalog. A list of Yellowcake's Copyrighted Works infringed with corresponding copyright registration numbers is annexed hereto as **Exhibit "A"**.

33. Plaintiff is informed and believes, and thereon alleges that Defendants delivered the DEP Catalog to ONErpm, a digital music distributor with a principal place of business in New York County, New York and whose operations occur in New York County, New York.

34. Plaintiff is informed and believes, and thereon alleges that that ONErpm then digitally distributed copies of the DEP Catalog to the Digital Distribution Platforms from its office in New York County, New York.

35. Shortly after learning of the Revilla Defendants' exploitation and infringement of the DEP Catalog, Yellowcake sent a cease and desist letter to the Defendants which the Defendants ignored.

## FIRST CAUSE OF ACTION

### Copyright Infringement

(Against Revilla, DEP, CEM and RRS)

36. Plaintiff incorporates and realleges all of the preceding allegations previously set forth as though the same were set forth herein.

37. This cause of action arises under 17 U.S.C. § 501.

38. Each of the sound recordings comprising the DEP were registered with the United States Copyright Office by Yellowcake or one of its predecessors-in-interest.

39. At all times relevant, Yellowcake and its predecessors-in-interest have owned the DEP Catalog and Yellowcake is currently the sole owner of the exclusive rights in those works provided by 17 U.S.C. § 106.

40. The Defendants infringed Yellowcake's Copyrighted Works by selling, distributing, reproducing, synchronizing, publicly performing, making derivative works of, and otherwise exploiting the DEP Catalog without permission or authorization from Yellowcake.

41. For example, the Defendants infringed the copyrighted sound recording "Amiga Veneno" by the artist "Fantasma" (copyright registration number SR0000895355) by sending copy of that sound recordings to ONErpm who the sold and publicly performing the sound recording through the Digital Distribution Platforms without authorization from Yellowcake.

42. The Defendants infringed each and every one of Yellowcake's Copyrighted Works in the exact same manner described in the preceding paragraph.

43. By selling, distributing, reproducing, synchronizing, publicly performing, and otherwise exploiting by means of digital transmission, Yellowcake's Copyrighted Works, the Defendants violated and continue to violate, Yellowcake's exclusive rights under 17 U.S.C. § 106.

44. Yellowcake did not grant any of the Defendants the right, or otherwise authorized, any of the Defendants to exploit the sound recordings in Yellowcake's Copyrighted Works at the time they were infringed.

45. Yellowcake is informed and believes, and thereupon alleges, that the Defendants had actual knowledge that Yellowcake was, and remains, the lawful owner of Yellowcake's Copyrighted Works, and that the Defendants did not have the right to exploit it.

46. The Defendants had actual or constructive knowledge that their unauthorized exploitation of the DEP Catalog constituted infringement of Yellowcake's Copyrighted Works. Alternatively, the Defendants' acts of infringement resulted from a reckless disregard for, or willful blindness to, Yellowcake's rights.

47. Yellowcake is entitled to an injunction restraining the Defendants and any officers, directors, agents, employees, representatives, and all persons acting in concert with them from further engaging in such acts of copyright infringement.

48. Pursuant to 17 U.S.C. § 504, Yellowcake is entitled to recover from the Defendants actual damages, or statutory damages in an amount up to One Hundred Fifty Thousand Dollars ($150,000.00), for each of Yellowcake's Copyrighted Works infringed by them.

49. Upon information and belief, Yellowcake is entitled to damages not readily ascertainable but believed to be in excess of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000.00) (150K per unique registration) from the Defendants for the infringement of Yellowcake's Copyrighted Works.

50. Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from the Defendants the reasonable attorneys' fees and legal costs incurred by Yellowcake as a result of the Defendants' acts of copyright infringement.

## SECOND CAUSE OF ACTION

### Declaratory Judgment

(By Yellowcake Against All Defendants)

51. Plaintiff incorporates and realleges all of the preceding allegations previously set forth as though the same were set forth herein.

52. Defendants have claimed, on a false basis, that they own and or otherwise have the right to exploit the sound recordings comprising Yellowcake's Copyrighted Works.

53. However, Yellowcake is the sole and exclusive owner of the copyrights of Yellowcake's Copyrighted Works and did not authorize Defendants to exploit them in any way.

54. An actual controversy exists between Yellowcake and the Defendants concerning the ownership of Yellowcake's Copyrighted Works.

55. Yellowcake has suffered an injury in fact as the result of Defendants' actions.

56. There is a causal connection between Yellowcake's injuries and Defendants' improper conduct.

57. It is likely that Yellowcake's injuries would be redressed by a favorable decision.

58. Accordingly, pursuant to 28 U.S.C. § 2201, Yellowcake is entitled to a declaratory judgment in its favor and against Defendants, that amongst other things, that Yellowcake is, and has been, a rightful owner of Yellowcake's Copyrighted Works with the exclusive rights to exploit same and that none of the Defendants have any rights to exploit the DEP Catalog.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully pray for judgment as follows:

First Cause of Action:

1. For a judgment that Defendants infringed Yellowcake's Copyrighted Works pursuant to U.S. Copyright Act of 1976, as amended 17 U.S.C. § 101, *et seq.*

2. For actual or statutory damages for each of Yellowcake's Copyrighted Works infringed pursuant to 17 U.S.C. § 504, in an amount to be elected and proven at the time of trial and believed to be in excess of Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000.00).

3. For Yellowcake's costs in this action.

4. For Yellowcake's reasonable attorneys' fees incurred herein pursuant to statute.

5. For a temporary, preliminary and permanent injunction providing: "Revilla, DEP, CEM and RRS, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, shall be and hereby are enjoined from directly or indirectly infringing upon Yellowcake's rights under federal or state law in Yellowcake's Copyrighted Works, and any sound recording, whether now in existence or later created, that is owned or controlled by Yellowcake (or any parent, subsidiary, or affiliate record label of Yellowcake) including without limitation using the internet, any media distribution system or any other means to reproduce, download or other obtain possession of any of Yellowcake's Copyrighted Works; or to distribute, upload or otherwise make any of Yellowcake's Copyrighted Works available for distribution to the public, except pursuant to a lawful license or with the express written authority of Yellowcake. Revilla, DEP, CEM and RRS and their officers, directors, agents, employees, representatives, and all persons acting in concert, also shall destroy all copies of Yellowcake's Copyrighted Works that Revilla, DEP, CEM and RRS have downloaded, uploaded, maintained or stored maintained in any way, without Yellowcake's express written authorization and shall destroy all copies of

Yellowcake's Copyrighted Works transferred onto any physical medium or device in Revilla, DEP, CEM and RRS's possession, custody, or control."

6. For such other and further relief as the Court may deem just and proper.

<u>Second Cause of Action</u>

1. For a declaratory judgment pursuant to 28 U.S.C. § 2201 in favor of Yellowcake and against the Defendants that: (i) Yellowcake is, and has been, a rightful owner of Yellowcake's Copyrighted Works and the exclusive rights to exploit same; (ii) any alleged distribution agreement between ONErpm and the Defendants concerning Yellowcake's Copyrighted Works is null and void; (iii) that the Defendants must make an accounting and restitution to Plaintiff for all income Defendants have received as a result of their exploitation of Yellowcake's Copyrighted Works and (iv) that the Defendants must cease and desist from any further exploitation of Yellowcake's Copyrighted Works.

2. For such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff request a trial by jury on all issues so triable.

Dated: Lake Success, New York
October 19, 2023

        ABRAMS FENSTERMAN, LLP

        By: /s/ Seth L. Berman
        Seth L. Berman, Esq.
        3 Dakota Drive, Suite 300
        Lake Success, New York 11042
        (516) 328-2300
        sberman@abramslaw.com
        *Attorneys for Plaintiff*