```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YELLOWCAKE, INC.,

               Plaintiff,

-against-

REVILLA RECORDS LLC, DISCOS EL PAPI, CUMBIANDO EL MUNDO, and ROBERTO REVILLA SANTIAGO,

               Defendants.

1:23-cv-09190-MKV

**ORDER GRANTING DEFAULT JUDGMENT, DECLARATORY JUDGMENT, AND PERMANENT INJUNCTION AND REFERRING FOR INQUEST ON DAMAGES**

MARY KAY VYSKOCIL, United States District Judge:

The Court previously held a hearing on Plaintiff's motion for default judgment against all Defendants. Plaintiff appeared through counsel. Defendants did not appear. Following that hearing, the Court entered an Order requesting that Plaintiff submit supplemental briefing addressing the issues of (1) whether service on Defendants of both the Complaint and Plaintiff's motion for default judgment was proper; and (2) whether the Court has personal jurisdiction over Defendants. [ECF No. 42]. On June 4, 2024, Plaintiff filed a supplemental memorandum of law and supplemental declarations of Seth L. Berman and Kevin Berger in further support of its motion for default judgment. [ECF Nos. 45–47]. Plaintiff also filed proofs of service of the Court's Order on all Defendants by certified mail and email. [ECF Nos. 43–44].

Upon careful review of Plaintiff's supplemental filings and the facts and authorities cited therein, the Court finds that it has personal jurisdiction over all Defendants and that Plaintiff properly executed service of both the Complaint and Plaintiff's motion for default judgment on all Defendants.

Accordingly, as discussed at the hearing, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment [ECF No. 26] is GRANTED to the following extent:

1. The Court grants judgment in favor of Plaintiff on the issue of liability and finds that Defendants violated Plaintiff's exclusive rights in the Copyrighted Works (as such term is defined in Plaintiff's Complaint in this action [ECF No. 11]) under 17 U.S.C. § 106 and willfully infringed Plaintiff's registered copyrights in the Copyrighted Works in violation of 17 U.S.C. § 501(a);

2. The Court finds that Plaintiff is entitled to attorneys' fees, pursuant to 17 U.S.C. § 505, in the amount of $25,034.00;

3. The Court finds that Plaintiff is entitled to reasonable costs and expenses, pursuant to 17 U.S.C. § 505, in the amount of $1,844.68;

4. The Court finds that Plaintiff is entitled to post-judgment interest, pursuant to 28 U.S.C. § 1961, from the date of final judgment to be entered following the below-referenced damages inquest, until payment.

IT IS FURTHER ORDERED that this matter will be referred to a Magistrate Judge for an inquest on statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c).

IT IS FURTHER ORDERED that declaratory judgment is entered against Defendants, pursuant to 28 U.S.C. § 2201, as follows:

1. Plaintiff is the rightful owner of Plaintiff's Copyrighted Works (as such term is defined in Plaintiff's Complaint in this action [ECF No. 11]) and possesses the exclusive rights to exploit the same.

IT IS FURTHER ORDERED that a permanent injunction is entered against Defendants, pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65(d), as follows:

1. Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, shall be and hereby are enjoined from

      directly or indirectly infringing upon Plaintiff's rights under federal or state law in Plaintiff's Copyrighted Works (as such term is defined in Plaintiff's Complaint in this action [ECF No. 11]), and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate record label of Plaintiff) including without limitation using the internet, any media distribution system or any other means to reproduce, download or otherwise obtain possession of any of Plaintiff's Copyrighted Works, or to distribute, upload or otherwise make any of Plaintiff's Copyrighted Works available for distribution to the public, except pursuant to a lawful license or with the express written authority of Plaintiff;

2. Defendants and their officers, directors, agents, employees, representatives, and all persons acting in concert, also shall destroy all copies of Plaintiff's Copyrighted Works (as such term is defined in Plaintiff's Complaint in this action [ECF No. 11]) that any Defendant has downloaded, uploaded, maintained or stored in any way, without Plaintiff's express written authorization, and shall destroy all copies of Plaintiff's Copyrighted Works transferred onto any physical medium or device in any Defendant's possession, custody, or control.

    IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order on Defendants, including by email.

The Clerk of Court respectfully is requested to terminate the motion pending at ECF No. 26. The Court will separately enter an Order of Reference to a Magistrate Judge for an inquest on damages.

**SO ORDERED.**

**Dated: August 8, 2024**
       **New York, NY**

                                                 **HON. MARY KAY VYSKOCIL**
                                                 **United States District Judge**